UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEALER COMPUTER SERVICES, INC.,

    Plaintiff,

v.

FOX VALLEY FORD, ET AL.,

    Defendants.
                                      /

Case No. 07-15192

Honorable Nancy G. Edmunds

**ORDER CANCELLING HEARING AND DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION PANEL'S "CLAUSE CONSTRUCTION" AWARD [1]**

This matter comes before the Court on Plaintiff's motion to vacate an arbitration panel's "clause construction" award. The Court finds that the facts and legal arguments are adequately presented in the parties' briefs and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), Plaintiff's motion to vacate will be decided on the briefs and without oral argument. The hearing on this matter, previously scheduled for May 21, 2008, is hereby CANCELLED.

On November 9, 2007, a three-arbitrator panel of the American Arbitration Association ("AAA") issued a clause construction award concluding that the parties' arbitration agreement permits Defendants' arbitration to proceed as a class. (Defs.' Resp., Ex. A, Award at 12.) Plaintiff Dealer Computer Services, Inc. ("DCS") then filed this action. The matter is now before the Court on Plaintiff's motion to vacate the clause construction

award. It presents two key issues: (1) whether the Court, rather than the arbitrators, has authority to decide whether Defendants' arbitration may proceed as a class; and (2) whether grounds exist to vacate the arbitration panel's clause construction award.

For the reasons stated below, this Court DENIES Plaintiff's motion to vacate.

**I.   Facts**

Defendants consist of 20 Ford Dealerships that are also part of a group of Ford Dealerships that are members of the Chicago Area Trade Association. (*Id.* at 3.) On September 5, 2006, Defendants (who include Fox Valley Ford) filed a Demand for Class Arbitration against Plaintiff with the AAA, seeking to arbitrate the underlying dispute as a class rather than individually.[1] On November 9, 2007, a three-arbitrator panel of the AAA determined that Defendants could arbitrate as a class, leading to the instant proceeding before this Court.[2]

The arbitration clauses at issue, subject only to certain specifically enumerated exceptions not relevant here, broadly provide that:

---

[1]The underlying dispute concerns Defendants' allegations of Plaintiff's wrongdoing "concerning its actions and omissions in connection with contracts by which [Plaintiff] undertakes to provide auto dealerships with computerized parts display ("CPD") services." (Defs.' Resp., Ex. A., Clause Constr. Award at 1.)

[2]Two other arbitration proceedings were filed against Plaintiff with the AAA: (1) *Dub Herring Ford, Inc., et al v. Dealer Computer Services, Inc.*, AAA Case No. 11 181 0111906, filed May 12, 2006; and (2) *Champion Ford Lincoln Mercury, Inc., et al v. Dealer Computer Services, Inc.*, AAA Case No. 11 117 01935 06, filed September 5, 2006. In both, the panel issued a clause construction award determining that the claimants could arbitrate as a class, leading to proceedings before this Court in which Plaintiff's motion to vacate the clause construction arbitration award was denied. *See Dub Herring Ford, Inc. v. Dealer Computer Services, Inc.*, 489 F. Supp. 2d 772 (E.D. Mich. 2007); *Champion Ford v. Dealer Computer Services, Inc.*, No. 07-13174, Doc. No. 23.

all disputes, claims, controversies and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement, or to the breach thereof, including any claim in which either party is demanding monetary damages of any nature including negligence, strict liability or intentional acts or omissions by either party, and which cannot be resolved by the parties, shall be settled by arbitration in accordance with the arbitration procedure described below.

(Defs.' Resp., Exs. G & H, Contract, § 17, Long Form Arbitration Clause.)[3]

As to its November 9, 2007 clause construction award, the arbitration panel first observed that, at that time, there had already been three decisions on the identical clause construction question, each concluding that the arbitration agreements should be construed to allow class arbitration: (1) the *Dub Herring* Arbitration clause construction award; (2) this Court's decision upholding the *Dub Herring* clause construction award; and (3) the *Champion* Arbitration clause construction award.[4] (Defs.' Resp., Ex. A, Award at 6.) The panel then set out its reasons for reaching the same conclusion.

The panel reasoned that, because the *Fox Valley* Arbitration involved the identical arbitration clauses as those addressed in the *Dub Herring* and *Champion* Arbitrations, the doctrine of collateral estoppel applies and precludes Plaintiff from making "the identical arguments concerning the meaning and legal effect of those clauses." (*Id.* at 8.) Moreover, "[e]ven if collateral estoppel is not available," the panel agreed with and adopted the *Dub Herring* panel's determinations that: (A) "the arbitration agreements are very broad in their scope, and . . . do not exclude class actions;" (B) "the arbitration agreements were not

---

[3]The language in the short form arbitration clause is identical. (Defs. Resp., Ex. F, Contract, § 17, Short Form Arbitration Clause.)

[4]Subsequently, on January 24, 2008, this Court also upheld the *Champion* Arbitration clause construction award. (*Champion*, Case No. 07-13174, Doc. No. 23.)

3

amended to forbid class actions following various court decisions . . . holding that 'silent' arbitration clauses could be construed to permit class arbitration;" (C) "there is a strong judicial policy in favor of arbitrability of disputes;" (D) "differences in the language of the various versions of the arbitration agreement, e.g. in selection of arbitrators, choice of law, and locale, do not affect the common elements of all the clauses in requiring arbitration of 'all' disputes, and excepting certain disputes, but not excluding class actions;" (E) "such differences" do not "manifest a clear, mutual intent of the parties to forbid class arbitration;" (F) Plaintiff "has effectively waived any 60-day time limit for scheduling the arbitration hearing in this matter, and, in any event, such a time limit cannot be construed as an implicit ban on class arbitration;" (G) "references in the arbitration agreements to disputes, etc., 'between the parties to this Agreement' cannot be construed as a veiled ban against class arbitration;" (H) "specification of the AAA Commercial Rules in the arbitration agreements does not preclude class arbitration;" (I) "the provision in the arbitration agreement providing for no appeal from an award is not inconsistent with the AAA Class Rules;" (J) "the requirement for pre-dispute negotiation is not a condition precedent to arbitration, nor is it an implicit ban on class arbitration;" and (K) "a discrepancy between the AAA Commercial Rules and the AAA Class Rules concerning confidentiality does not imply an intent not to allow class arbitration." (*Id.* at 8-9.)

The *Fox Valley* arbitration panel next addressed Plaintiff's motion to stay on grounds of dominant jurisdiction. It declined to rule on Plaintiff's motion, "without prejudice to [Plaintiff]'s request following the expiration of any stay that may be granted by this panel under AAA Class Rules Art. 3 for 30 days or any stay for any additional period of time that may be granted pending a petition by [Plaintiff] to vacate this panel's clause construction

4

award." (*Id.* at 12.) It further ordered that, "[i]n the interest of comity and judicial economy," that "the parties . . . make every effort to keep the panel in this case advised on a current basis of any rulings by the panel in the *Dub Herring* arbitration concerning discovery or class certification." (*Id.*)

## II. Standard of Review

"[C]ourts play only a limited role when asked to review the decision of an arbitrator." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987).

> [I]f an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000) (quoting *Misco, supra*, at 38). It is only when the arbitrator strays from interpretation and application of the agreement and effectively "dispense[s] his own brand of industrial justice" that his decision may be unenforceable. *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's "improvident, even silly, factfinding" does not provide a basis for a reviewing court to refuse to enforce the award. *Misco*, 484 U.S. at 39.

*Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

## III. ANALYSIS

### A. Clause Construction Award

Plaintiff argues that this Court should vacate the arbitration panel's clause construction award because (1) the Court, rather than the arbitrators, must decide whether Defendants' arbitration was allowed to proceed as a class; and (2) additional grounds exist to vacate the arbitration panel's clause construction award. The Court addresses each of these arguments in turn.

5

### 1. The Arbitrators Properly Determined Whether Class Arbitration Was Permitted

Plaintiff incorrectly identifies the core issue in its motion as one of substantive arbitrability. Plaintiff is not challenging the root question of whether the parties agreed to arbitrate at all, which would involve an issue of arbitrability for the Court. (Pl.'s Reply at 6.) Rather, Plaintiff seeks review of the arbitration panel's decision regarding the *form* such arbitration will take; i.e., as a class action, when the arbitration agreement is silent on this point. The Supreme Court has determined that this question is to be decided by the arbitrator, not the Court.

After the Supreme Court's decision in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 447 (2003), it is clear that an arbitrator must make the initial decision whether to permit class arbitration when the subject agreement is silent on this point.[5] As the Court explained, when the parties have broadly agreed to arbitrate *all* disputes, claims, or controversies arising from *or* relating to their contract *or* the relationships which resulted from their contract, "the question – whether the agreement forbids class arbitration – is for the arbitrator to decide." *Id.* at 451. It reasoned as follows:

> [T]he dispute about what the arbitration contract in each case means (*i.e.*, whether it forbids the use of class arbitration procedures) is a dispute "relating to this contract" *and* the resulting "relationships." Hence the parties seem to have agreed that an arbitrator, not a judge, would answer the relevant question. (citation omitted). And if there is doubt about that matter – about the "'scope of arbitrable issues'" – we should resolve that doubt "'in favor of arbitration.'" *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626

---

[5]Despite the fact that *Bazzle* was a plurality decision, this represents an accurate holding of the Court because Justice Stevens' concurrence states that "[a]rguably, the interpretation of the parties' agreement should have been made in the first instance by the arbitrator, rather than the court." 539 U.S. at 455 (Stevens, J., concurring in the judgment and dissenting in part).

(1985).

*Id.* at 451-52 (emphasis added).

The same reasoning and result apply here. The Plaintiff and Defendants broadly agreed to arbitrate "*all* disputes, claims, controversies and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement, or to the breach thereof. . . ." (Defs. Resp., Exs. F-H, Arbitration Clause, § 17 (emphasis added).) Their dispute about what the arbitration clause means; i.e., whether it forbids class arbitration, is a dispute "arising out of", or "relating to" their Agreement and thus is a question for the arbitrator to decide.

Plaintiff's reliance on *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002), for a contrary result is misplaced. The Court in *Bazzle* considered and rejected the argument that questions concerning whether a contract "forbid[s] class arbitration" fall within the narrow exceptions discussed in *Howsam* where the courts would "assume that the parties intended courts, not arbitrators, to decide a particular arbitration-related matter." *Bazzle*, 539 U.S. at 452.

As the *Bazzle* Court observed, while there are certain limited circumstances where gateway matters are to be addressed by a judge rather than an arbitrator, "[t]he question here – whether the contracts forbid class arbitration – does not fall into this narrow exception." *Id.* at 452. "It concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties. Unlike *First Options [of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)], the question is not whether the parties wanted a judge or an arbitrator to decide *whether they agreed to arbitrate a matter*. 514 U.S. at 942-945. Rather the relevant question here is what *kind of arbitration proceeding* the

7

parties agreed to. That question . . . concerns contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question." *Id.* at 452-53.

Despite Plaintiff's arguments to the contrary, the AAA arbitration panel was the proper authority to decide the question whether the parties' contracts forbid class arbitration. Accordingly, this is not a proper ground for vacating the panel's clause construction arbitration award.

The Court now considers Plaintiff's additional arguments why the award should be vacated.

**2. Plaintiff Has Not Met Its Burden on Motion to Vacate**

The Federal Arbitration Act, 9 U.S.C. § 10, *et seq.*, governs arbitration agreements affecting commerce and specifies the very limited reasons allowing a court to vacate an arbitration award. In relevant part, the statute provides that:

> the United States court in and for the district wherein the [arbitration] award was made may make an order vacating the award upon the application of any party to the arbitration–
>
> * * *
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(4).

At least one circuit court has "held that arbitrators 'exceed their powers' in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (internal citations omitted). The Sixth Circuit has been willing to assume, for sake of argument, "that an

8

arbitrator can exceed his powers in violation of § 10(a)(4) by failing to fulfill his obligations" under the arbitration agreement, but it is not necessary for the arbitrator to go so far as to completely "overstep[] the bounds of his authority." *Green v. Ameritech Corp.*, 200 F.3d 967, 975 n.6 (6th Cir. 2000).

Review of an arbitrator's award is governed by "one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of Am.*, 913 F.2d 1166, 1169 (6th Cir. 1990). "[C]ourts must accord an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed." *Beacon Journal Publ'g Co. v. Akron Newspaper Guild, Local No. 7*, 114 F.3d 596, 599 (6th Cir. 1997). "[I]f an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Major League Baseball Players Ass'n*, 532 U.S. at 509 (internal citations omitted).

Plaintiff provides numerous arguments why it believes the arbitration panel's clause construction award was wrongly decided. Noticeably absent from Plaintiff's briefs, however, is any discussion of the highly deferential standard of review that this Court employs when considering a motion to vacate an arbitration award or the statutory grounds allowing this Court to vacate the arbitration award.

A comparative review of Plaintiff's pleadings and the arbitration panel's opinion (Defs.' Resp., Ex. A) confirms that Plaintiff is merely re-litigating arguments that the arbitration panel considered and rejected, including the view that the applicable agreements do not provide for class arbitration of these disputes. As noted above, however, the applicable

standard of review precludes this Court from reconsidering Plaintiff's arguments here. Whether this Court agrees with the arbitration panel's interpretation of the parties' agreements or not is irrelevant. The only factor that matters at this stage of the proceedings is whether Plaintiff has met the relevant standards necessary for this Court to overturn the arbitration award under 9 U.S.C. § 10(a)(4), and the Court finds that Plaintiff has not satisfied its high burden in this regard.

### B. Dominant Jurisdiction Arguments

Plaintiff also invokes the concepts of "dominant jurisdiction" and "first to file" that are designed to avoid duplicative litigation and the interests of judicial economy and argues that the *Fox Valley* arbitration panel, instead of issuing the clause construction award, should have stayed the *Fox Valley* arbitration proceeding pending final adjudication of the first-filed *Dub Herring Ford* arbitration proceeding. Plaintiff seeks to re-litigate here arguments addressed by the *Fox Valley* arbitration panel in its November 9, 2007 Order. (Defs.' Resp., Ex. A, 11/9/07 Clause Construction Award and Order on Motion to Stay on Grounds of Dominant Jurisdiction at 10-13.) That panel declined to rule on Plaintiff's motion at that time. Rather, it held that Plaintiff could raise the issue before the arbitration panel after this Court resolved Plaintiff's pending motion to vacate the clause construction award. (*Id.* at 12.)

To the extent Plaintiff is asking this Court to vacate the *Fox Valley* panel's order regarding dominant jurisdiction, that relief is denied. Once again Plaintiff provides numerous arguments why it believes the arbitration panel's decision was incorrect. Noticeably absent, however, is any discussion of the highly deferential standard of review that this Court employs when considering a motion to vacate or the statutory grounds that

allow this Court to vacate.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion to vacate is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 23, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 23, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager